UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA MONTOYA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:12-cv-2483 CKD<br><br><br><br>ORDER |

Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. Plaintiff seeks fees in the amount of $19,589.83 and expenses of $1,613.80.[1] Defendant contends fees under the EAJA should not be awarded because the government's position was substantially justified. In the event fees are awarded, defendant contends that the claimed fees should be reduced due to duplicative,

/////

/////

/////

---

[1] In the reply, plaintiff seeks additional fees for 10.5 hours spent in reviewing the opposition and researching and drafting the reply. Because work on the reply was performed in 2016, any award made for the reply will be based on the 2016 hourly rate of $190.36 claimed by plaintiff.

1

excessive and unnecessary billing.  Defendant also challenges the amount of claimed costs.  In addition, defendant contends any fee that is awarded must be made payable to the plaintiff.[2]

      A.  <u>Substantial Justification</u>

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action.  An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits.  <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993).  In this case, the matter was remanded under sentence four for further proceedings pursuant to the order of the court and mandate of the United States Court of Appeals for the Ninth Circuit.  <u>See</u> ECF Nos. 24, 25, 26.  Plaintiff thus is entitled to an award of fees under the EAJA.  The court must allow the fee award unless it finds that the position of the United States was substantially justified.  <u>Flores v. Shalala</u>, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government.  <u>Gutierrez v. Barnhart</u>, 274 F.3d 1255, 1258 (9th Cir. 2001).  In <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as 'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person.  That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.  <u>Id.</u> at 565.  A position does not have to be correct to be substantially justified.  <u>Id.</u> at 566 n.2; <u>see also</u> <u>Russell v. Sullivan</u>, 930 F.2d 1443, 1445 (9th Cir. 1991), <u>receded from on other grounds</u>, <u>Sorenson v. Mink</u>, 239 F.3d 1140 (9th Cir. 2001); <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in

---

[2] In this case, plaintiff is deceased and a motion for substitution of parties has been filed.  Craig S. Marks has been appointed by the San Joaquin County Superior Court as a special administrator with the single power to substitute into the instant action on behalf of plaintiff and to receive and collect any EAJA fees and distribute them to plaintiff's counsel.  The motion will therefore be granted and any award of fees will be made payable to Craig S. Marks.

the litigation itself.  Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified.  Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

Defendant contends the government's position was substantially justified.  In support of this contention, defendant argues that the ALJ's reasoning, and its litigation position was substantially justified, in that the ALJ set out a detailed discussion of the medical evidence as support for discrediting a treating physician's opinion and because a consultative examiner reached a conclusion different than that of the treating physician.  Considering the appellate court's clear rejection of these arguments, this court cannot find substantial justification.  Moreover, the ALJ erroneously rejected the treating physician's opinion as having been rendered before the alleged onset date.  In addition, the ALJ failed to properly evaluate whether plaintiff's past work qualified as significant gainful activity.  Finally, the ALJ's failure to call a vocational expert was not substantially justified in light of plaintiff's limitations in overhead reaching and the assumption of the ALJ, unsupported by the record, that such limitations were compatible with the full range of work.  Fees under the EAJA will therefore be awarded.

B. Reasonable Fee

The EAJA directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  Defendant does not contest the hourly rate claimed but challenges several of the entries as duplicative or otherwise excessive and unreasonable.  The court finds defendant's arguments meritless.  Although several attorneys worked on this matter representing plaintiff, the court has carefully reviewed the billing records and the briefs filed in this matter and finds neither duplication of effort nor excessive time expended on the various tasks described.  Contrary to defendant's contention, plaintiff has not claimed fees for clerical tasks.  Defendant also contests the costs as insufficiently documented and in excess of market rates for copying services.  Plaintiff has cured the lack of documentation

in the reply. The claimed copying charge of $0.30/page is reasonable in light of the $0.50/page charged by the Ninth Circuit for public copying. In addition, the court will award $1,998.78 for fees incurred in connection with the reply.[3]

The EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliff, 560 U.S. 586 (2010).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for substitution of parties (ECF No. 37) is granted.

2. Craig S. Marks, Special Administrator of the Estate of Lydia Linda Montoya, deceased, is substituted for plaintiff Lydia Linda Montoya. The Clerk of Court is directed to change the docket caption to Craig S. Marks, Special Administrator of the Estate of Lydia Linda Montoya vs. Nancy A. Berryhill, Acting Commissioner of Social Security.

3. Fees pursuant to the EAJA are awarded to plaintiff Craig S. Marks in the amount of $23,202.41.

Dated: May 5, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 montoya2483.eaja

---

[3] The court finds the 10.5 hours claimed by counsel is reasonable.